IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOSEPH SUMMERLIN | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv123 |
| CANDI PATTON | § | |

MEMORANDUM OPINION AND ORDER

Joseph Summerlin, an inmate confined at the Stringfellow Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Candi Patton. Plaintiff complains of incidents that occurred at the Ellis Unit.

Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claim arose at the Ellis Unit, which is located in Walker County, Texas. Pursuant to 28 U.S.C. § 124, Walker County is located in the Houston Division of the United States District Court for the Southern District of Texas. As a result, the court is of the opinion this matter should be transferred to the Southern District. It is accordingly

**ORDERED** that this civil rights action is **TRANSFERRED** to the Houston Division of the United States District Court for the Southern District of Texas.

**SIGNED** this the 19th day of July, 2018.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE